UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PATRICK DEVLIN & INGRID DEVLIN ) <br>     PLAINTIFFS, ) <br> ) <br> VS. ) <br> ) <br> STEPHENS & MICHAELS ) <br> ASSOCIATES, INC. ) <br> ) <br>     DEFENDANT ) | CIVIL ACTION NO. <br><br> 4:10-cv-610 <br><br> JURY TRIAL DEMANDED <br><br> UNLAWFUL DEBT COLLECTION PRACTICES |

## COMPLAINT

### I. INTRODUCTION

1. Plaintiffs Patrick Devlin and Ingrid Devlin allege that Defendant engaged in abusive, deceptive, and unfair acts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA") and the Telephone Consumer Protection Act. 47 U.S.C. § 227 et seq. (hereinafter "TCPA"). Specifically, Defendant, through the actions of its employees, left a series of prerecorded messages on Plaintiffs' residential phone without their consent or authorization in an effort to collect on a debt for which Plaintiffs were not legally obligated.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1337 and diversity of citizenship. Venue in this District is proper in that the Defendant transacted business here and the conduct complained of occurred here.

1

## III. PARTIES

3. Plaintiffs are natural persons residing in the County of St. Louis, State of Missouri.

4. Defendant Stephens & Michaels Associates, Inc. (hereinafter referred to as "SMA") is a corporation organized pursuant to law with its principal place of business located at 7 Stiles Road, Salem, New Hampshire 03079 and doing business in the State of Missouri. SMA has no registered agent in the State of Missouri.

5. Defendant is engaged in the collection of debts from consumers using the mail, facsimile transmission and telephone.  Defendant regularly attempts to collect consumer debts it purchases after default and/or consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6. The acts of Defendant alleged hereinafter were performed by its employees acting within the scope of their employment with Defendant, and with its actual or apparent authority.

## IV. FACTUAL ALLEGATIONS

7. Defendant left 9 prerecorded phone messages on Plaintiffs' residential phone line during the period of time spanning from November 1, 2009 through February 28, 2010 in an effort to collect on a debt which was allegedly originally owed to another entity.  The alleged obligation is a consumer debt as defined in 15 U.S.C. § 1692a(5).

8. Each call was received by Plaintiffs on their residential phone line which bears the following number:  (314) 962-4993.  Plaintiffs have no pre-existing relationship with Defendant and never gave Defendant consent to leave prerecorded messages on their

residential phone line. Plaintiff has retained, preserved and transcribed the recorded phone messages.

9. Plaintiffs were not legally obligated on the debt which Defendant was attempting to collect.

## VIOLATIONS OF THE FDCPA

10. Plaintiffs incorporate herein by reference each and every prior allegation and fact as though fully restated and re-alleged.

11. Defendant's actions violated the FDCPA. The violations include, but are not limited to, the following:

(a) Defendant violated 15 U.S.C. § 1692e(11) when it left prerecorded messages on Plaintiffs' residential phone line which failed to indicate that the communication was from a debt collector;

(b) Defendant violated 15 U.S.C. § 1692d(6) when it left prerecorded messages on Plaintiffs' residential phone line which failed to provide meaningful disclosure of Defendant's identity;

(c) Defendant violated 15 U.S.C. § 1692e when it left messages with Plaintiffs in an effort to collect on a debt for which Plaintiffs were not legally responsible;

12. As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiffs for statutory damages, and costs and attorney's fees.

**WHEREFORE**, Plaintiffs respectfully pray that judgment be entered against the Defendant for the following:

A. Statutory damages pursuant to 15 U.S.C. § 1692k;

B. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

C. For such other and further relief as may be just and proper.

## **VIOLATIONS OF THE TCPA**

13. Plaintiffs incorporate herein by reference each and every prior allegation and fact as though fully restated and re-alleged.

14. Defendant's actions violated the TCPA. The violations include, but are not limited to, the following:

> (a) Defendant violated 47 U.S.C. § 227(b)(1)(B) when it left prerecorded messages on Plaintiffs' residential phone line on numerous occasions concerning an alleged debt which was not owed by Plaintiffs and without Plaintiffs' prior express consent.

**WHEREFORE**, Plaintiffs respectfully pray that judgment be entered against the Defendant for the following:

A. Damages pursuant to 47 U.S.C. § 227(b)(3);

**PLAINTIFFS HEREBY REQUEST A TRIAL BY JURY**

/s/ Patrick W. Devlin
**Patrick W. Devlin**

/s/ Ingrid Devlin
**Ingrid Devlin**

Respectfully submitted,

**THE SWANEY LAW FIRM**

/s/ Robert T. Healey
Robert T. Healey
EDMO # 3356; Missouri Bar #34138
Attorney at Law
3460 Hampton, Suite 205
St. Louis, MO 63139
rhealey@sswaneylawfirm.com
telephone: (314) 481-7778
fax: (314) 481-8479